# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERMAK USA, INC., <br> an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NANTONG JUGAO MACHINERY CO., LTD <br> d/b/a ERMAK CNC MACHINE (NANTONG) <br> CO., LTD, a Chinese Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) **JURY TRIAL DEMAND** <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, ERMAK USA, INC. ("Ermak USA" or "Plaintiff"), by and through undersigned counsel, for its complaint against Defendant NANTONG JUGAO MACHINERY CO., LTD d/b/a ERMAK CNC MACHINE (NANTONG) CO., LTD ("Defendant"), and alleges the following:

## NATURE OF ACTION

1. This is an action for trademark infringement and counterfeiting, false designation of origin, passing off, usage of counterfeit mark, and dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c); deceptive trade practices under 815 ILCS § 510 of the Illinois Uniform Deceptive Trade Practices Act; trademark dilution under 765 ILCS § 1036/65 of the Illinois Trademark Registration and Protection Act; and trademark infringement and unfair competition under the common law of the State of Illinois, whereby Plaintiff is seeking an

injunction against the illegal infringement activities of Defendant, in addition to monetary damages and treble damages as allowed under the Lanham Act.

## PARTIES

2. Plaintiff is an Illinois corporation with a principal place of business at 2860 River Rd., Suite 145, Des Plaines, Illinois 60018.

3. Defendant is a Chinese Corporation, with a principal place of business at No. 98, Renmin East Road, Xichang Town, Hai'an County, Nantong City, Jiangsu Province, China.

## JURISDICTION AND VENUE

4. As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

5. As this case relates to unfair competition and deceptive trade practices that are joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

6. This Court also has jurisdiction pursuant to 28 U.S.C. §1332(a) because Plaintiff is an Illinois corporation conducting business in Illinois while Defendant is a citizen of a foreign country, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

8. This Court has personal jurisdiction over Defendant, as it is a foreign corporation that transacts business in Illinois and around the United States. Defendant is reaching out to do business in Illinois by operating its website and third-party websites through which Illinois and United States residents can inquire and purchase products.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(c) in that Defendant is a non-resident in the United States that may be sued in any judicial district.

## FACTUAL BACKGROUND

10. Plaintiff currently owns and operates a corporation in Illinois where it imports, sells and services Ermak / Ermaksan branded machines.

11. Plaintiff is a foreign affiliate of ErmakSan Makina Sanayi Ve Ticaret Anonimsirketi ("ErmakSan Turkey"), a Turkish corporation with a principal place of business at Işıktepe, Lacivert Cd. No: 6, 16065 Işıktepe Organize Sanayi Bölgesi/Nilüfer/Bursa, Turkey.

12. ErmakSan Turkey was formed in 1965 and has been using the Ermak and Ermaksan trademarks worldwide since then.

13. Prior to the formation of Ermak USA, ErmakSan Turkey made sales in the United States from 2004 until Plaintiff was established in Illinois to oversee its operations and sales throughout the United States.

14. Plaintiff is the owner by assignment of the entire rights, title, and interest, including the right to sue for infringement, of United States Trademark Registration No. 4,073,282 on the Principal Register for the *word mark* "ERMAK USA" for "metal working machines." The priority date of this registration is February 28, 2011. A true and correct copy of the registration is attached as Exhibit A.

15. The "ERMAK USA" *word mark* has been in continuous use since Plaintiff's first incorporation in September 22, 2010.

16. The "ERMAK USA" *word mark* was registered on December 20, 2011 to the Principal Register, and thus the registration is incontestable under the provisions of 15 U.S.C.

§1065 in that Section 8 and 15 Affidavits were timely filed with the United States Patent and Trademark Office ("USPTO").

17. Plaintiff is the owner, pending registration of the trademark application Serial No. 90,497,147 by the USPTO, on the Principal Register for the *word mark* "ERMAK" for "metal working machines." The priority date of this registration is January 29, 2021. The ERMAK *word mark* has been in use since January 26, 2011, and in commercial use since January 26, 2011.

18. Plaintiff is the owner, pending registration of the trademark application Serial No. 90,501,159 by the USPTO, of the Principal Register for the *design mark* consisting of a "narrow inverted triangle followed by the stylized word, 'ERMAK', with all letters capitalized", for use in accordance with "metal working machines." The priority date of this registration is February 1, 2021. The ERMAK *design mark* has been in use by ErmakSan Turkey since 2004 prior to the incorporation of Ermak USA in 2010.

19. Images of the "ERMAK USA" *word mark* and the "ERMAK" *word mark* and *design mark* are detailed in the chart below (hereinafter collectively referred to as "Plaintiff's Marks").

| **Trademark No.** | **Trademark** |
|---|---|
| **Registered** Trademark No. 4,073,282 Word Mark | Ermak USA |

| | |
|---|---|
| **Pending** Trademark Serial No. 90,497,147 Word Mark | Ermak |
| **Pending** Trademark Serial No. 90,501,159 Design Mark | ERMAK |

20. In addition to the above listed trademarks, Plaintiff is currently the owner of four other trademarks, which have been in commercial use since 2011 but are all pending with the USPTO.

21. Plaintiff has expended significant sums of money to promote and advertise its business under its trademarks.

22. More specifically, Plaintiff has advertised and used its trademarks in physical and online advertisements.

**Defendant's Infringing Conduct**

23. Defendant advertises, promotes, sells, and offers to sell metal working machinery by using Plaintiff's Marks.

24. Upon information and belief, Defendant previously advertised its goods as Jugao Machinery and placed the Jugao Machinery name attached to its products.

25. Soon after, upon information and belief, Defendant willfully, intentionally, and maliciously, and in conscious disregard of Plaintiff's rights, and in furtherance of Defendant's pecuniary interest, attached Plaintiff's Marks on its products and advertised it as such.

26. Defendant allows potential customers in Illinois and the United States to communicate and inquire for specific products via the Internet.

27. Defendant conducts business where it markets, offers and sells its counterfeiting products in the following links https://www.youtube.com/channel/UCgvKnFbxtVfvQxp-YNzXdHg/featured, https://ermak.en.alibaba.com/, www.ermak.cn, www.ntjugao.com, www.linkedin.com/company/nantong-jugao-machinery-co-ltd/about, www.facebook.com/jugaomachinery/.

28. On April 28, 2021, Defendant uploaded a video on YouTube where it is seen using Plaintiff's ERMAK *design mark* on its product. A screenshot capture of the video is attached below:



29. Defendant's infringing use is also captured on its website where it lists out Plaintiff's Marks and even designs the website with remarkable similarity to Plaintiff's website.

30. Images of Defendant's infringing use and Plaintiff's website are depicted below:

**Defendant's website - <http://www.ermak.cn/>**





**Plaintiff's website -** http://www.ermakusa.com/usa/





31. Defendant advertises and promotes its company under its "About Us" page where it duplicates and reproduces Plaintiff's portrait and narrative under its "About Us" page.

32. Images of Plaintiff's website and Defendant's duplicate are depicted below:

**Defendant's website -** http://www.ermak.cn/abouten.html:



**Plaintiff's website -** http://www.ermakusa.com/usa/Ermak/Company/About-us:



33. Plaintiff and Defendant each advertise, promote, sell, and offer to sell metal working machinery and are thus direct competitors.

34. Furthermore, at least one customer of Plaintiff has addressed to Plaintiff a complaint about the goods offered by Defendant, indicating actual confusion as to the source of the goods provided.

35. Plaintiff became aware of Defendant's use of its trademarks on or around January 2021 when a confused consumer contacted Plaintiff after having been quoted a purchased price by Defendant for the sale of counterfeit products.

36. The confused consumer believed he was contacting the same company when in reality Defendant has quoted the consumer while the consumer was in contact with Plaintiff.

37. Defendant acted with full knowledge of Plaintiff's Marks and has continued to use Plaintiff's Marks, thereby making the use and continued use of Plaintiff's Marks deliberate, willful and wanton.

38. Defendant acted with full knowledge of Plaintiff's Marks by marketing its products as if it were affiliated with Plaintiff, and by duplicating and reproducing Plaintiff's website and company information page.

39. Plaintiff has never authorized or licensed Defendant to use its trademarks nor any confusingly similar derivate of them.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING PURSUANT TO 15 U.S.C. § 1114

40. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 39 above, as if fully set forth herein.

41. Defendant has used in commerce, reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's Marks and in connection with the promotion, advertising, sale, and offering for sale of its goods.

42. Defendant's branding comprises of counterfeits, spurious marks which are identical with, or substantially indistinguishable from Plaintiff's Marks, such that it is likely to cause confusion.

43. Defendant has produced and sold counterfeit goods, without Plaintiff's authorization, to capitalize upon the popularity of Plaintiff's products.

44. As a direct and proximate result, Defendant's infringing use of Plaintiff's Marks has caused Plaintiff to lose profits and to lose goodwill associated with its trademarks.

45. Plaintiff will be irreparably damaged by continued loss of profits, loss of goodwill, and loss of control over the reputation of its trademarks unless Defendant is prevented from continuing to promote, advertise, sell, or to offer for sale its goods associated with the intentionally and confusingly similar marks.

46. Defendant has thereby created a likelihood of confusion in the market place that will continue and increase if Defendant is permitted to continue its unauthorized use and misappropriation of Plaintiff's Marks.

47. Defendant intentionally adopted Plaintiff's Marks, based upon information and belief, with knowledge of Plaintiff's prior usage, and have thereby infringed Plaintiff's Marks willfully and with wanton disregard of Plaintiff's rights, and will continue to do so unless enjoined.

48. Defendant's use and continued use of Plaintiff's Marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

49. Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

## COUNT II
## TRADEMARK INFRINGEMENT, DIRECT UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF PURSUANT TO 15 U.S.C. §1125(a)

50. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 49 above, as if fully set forth herein.

51. Plaintiff has used its trademarks in interstate commerce to advertise, promote, and distinctly identify its metal working machinery and technology.

52. Defendant has adopted Plaintiff's Marks to promote its metal working machinery and technology.

53. Plaintiff's use of its trademarks in interstate commerce pre-dates Defendant's adoption and use of the marks.

54. Defendant's unauthorized use of the marks is likely to cause confusion, mistake, or to deceive customers as to Plaintiff's affiliation, connection, association, sponsorship, or approval of Defendant's goods, all in violation of 15 U.S.C. § 1125(a).

55. Defendant's acts constitute unfair competition in violation of 15 U.S.C § 1125(a)(1)(A).

56. Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

57. Defendant's use and continued use of Plaintiff's marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights while designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

58. The goodwill of Plaintiff's Marks is of enormous value, and unless Defendant is restrained from continuing its unfair competition, false designation of origin, and passing off, Plaintiff will suffer irreparable injury.

59. Plaintiff is entitled to a permanent injunction against Defendant, as well as other remedies available under the Lanham act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

60. Likewise, Plaintiff is entitled to compensation from Defendant for its past unfair competition, false designation of origin, and passing off.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**
**PURSUANT TO 15 U.S.C. § 1125(c)**

61. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 60 as if fully restated herein.

62. Defendant is making commercial use in commerce of Plaintiff's Marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Marks by eroding the public's exclusive identification of these famous marks with Plaintiff's goods, tarnishing and degrading the positive associations and prestigious connotations of the marks and otherwise lessening the capacity of the marks to identify and distinguish goods.

63. Plaintiff's use of its trademarks in interstate commerce pre-dates Defendant's adoption and use of the marks.

64. Defendant's unlawful use of the marks in commerce began long after Plaintiff's Marks became famous.

65. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Marks or to cause dilution of the marks, to the great and irreparable injury of Plaintiff.

66. Defendant's conduct causes, and will continue to cause, dilution of the distinctive quality of Plaintiff's Marks.

67. The trademark dilution has caused injury to Plaintiff in the form of lost sales and revenue, lost business reputation, consumer confusion, and will continue to be damaged by Defendant's infringement.

68. Plaintiff is entitled to a permanent injunction against Defendant, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

69. Likewise, Plaintiff is entitled to compensation from Defendant for its past dilution.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES**
**PURSUANT TO THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**815 ILCS § 510/1, *et seq.***

70. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 69 as if fully restated herein.

71. Upon information and belief, Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or their goods with Plaintiff's goods; and using deceptive representations or designations of origin in connection with Defendant's goods.

72. Defendant's conduct disparages, and will continue to disparage, the goods of Plaintiff by false or misleading representation of the quality and designation of Plaintiff's goods.

73. The unauthorized use by Defendant of Plaintiff's Marks is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff has no adequate remedy at law for this injury. Plaintiff is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

## COUNT V
## STATE DILUTION
## PURSUANT TO THE TRADEMARK REGISTRATION AND PROTECTION ACT
## 765 ILCS § 1036/65

74. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 73 as if fully restated herein.

75. Through prominent, long, and continuous use in commerce, including commerce within the State of Illinois, Plaintiff's Marks have become and continue to be famous and distinctive throughout the State of Illinois.

76. Defendant's use of the marks began after Plaintiff's Marks became famous and distinctive.

77. Defendant is making use of Plaintiff's Marks in commerce such that Defendant's usage diluted and is likely to further dilute the distinctiveness of Plaintiff's Marks by eroding the public's exclusive identification of these famous marks with Plaintiff's goods, while simultaneously tarnishing and degrading the positive associations and prestigious connotations of the marks and otherwise lessening the capacity of the marks to identify and distinguish goods.

78. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Plaintiff's Marks or to cause dilution of the marks, to the great and irreparable injury of Plaintiff.

79. Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive marks in violation of the Trademark Registration and Protection Act, 765 ILCS § 1036/65.

80. Plaintiff is therefore entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

81. Likewise, Plaintiff is entitled to compensation from Defendant for its past dilution.

## COUNT VI
## STATE TRADEMARK INFRINGEMENT
## PURSUANT TO ILLINOIS COMMON LAW

82. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 81 as if fully restated herein.

83. Plaintiff's use of the trademarks predates any alleged use by Defendant in the United States.

84. The aforesaid acts of Defendant constitute trademark infringement in violation of Illinois common law.

85. Upon information and belief, the acts of Defendant were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

86. The trademark infringement has caused injury to Plaintiff in the form of lost sales and revenue, lost business reputation, consumer confusion.

87. The trademark infringement has also caused irreparable injury to Plaintiff.

88. Plaintiff is therefore entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

89. Likewise, Plaintiff is entitled to compensation from Defendant for its past infringement.

## COUNT VII
## UNFAIR COMPETITION
## PURSUANT TO ILLINOIS COMMON LAW

90. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 89 as if fully restated herein.

91. The aforesaid acts of Defendant constitute unfair competition in violation of Illinois common law.

92. Upon information and belief, the acts of Defendant were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

93. The unfair competition has caused injury to Plaintiff in the form of lost sales and revenue, lost business reputation, and consumer confusion.

94. The unfair competition has also caused irreparable injury to Plaintiff.

95. Plaintiff is therefore are entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

96. Likewise, Plaintiff is entitled to compensation from Defendant for its past unfair competition.

### COUNT VIII
### UNJUST ENRICHMENT
### PURSUANT TO ILLINOIS COMMON LAW

97. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 96 as if fully restated herein.

98. Due to Defendant's unauthorized use of Plaintiff's Marks, Defendant has gained a financial benefit from its infringing activities from its willful and deliberate use of Plaintiff's Marks.

99. Defendant has taken advantage of the goodwill associated with Plaintiff and its trademarks, making it inequitable for Defendant to retain the benefit without payment of its value.

100. The aforesaid acts of Defendant constitute unjust enrichment of Defendant at the expense of Plaintiff's intellectual property rights in violation of Illinois common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant as follows:

A. Finding that (i) Defendant has violated 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c); (ii) Defendant has committed deceptive trade practices under 815 ILCS § 510/1, *et seq.;* (iii) Defendant has committed trademark dilution under 765 ILCS § 1036/65; (iv) Defendant has committed trademark infringement and unfair competition under Illinois common law; and (iv) Defendant has unjustly enriched themselves at the expense of Plaintiff.

B. Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C § 1116, 17 U.S.C. § 502, 815 ILCS § 510/3, and 765 ILCS § 1036/65, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services in conjunction with Plaintiff's Marks or any other mark or design element substantially similar or confusing thereto;

2. engaging in any other activity constituting unfair competition with Plaintiff, or

       acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with Plaintiff's Marks;

3. engaging in any other activity that will cause the distinctiveness of Plaintiff's Marks to be diluted.

C. Requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) or in the alternative its actual damages suffered as a result of Defendant actions;

F. Awarding actual damages to which it is entitled under applicable federal and state laws;

G. Awarding treble damages to which it is entitled under 15 U.S.C. § 1117(b);

H. Awarding prejudgment interest on any monetary award made part of the judgment against Defendant; and

I. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated May 4, 2021

                                              Respectfully submitted,

                                              <u>/s/ Sam Osborne</u>
                                              Sam Osborne
                                              State Bar No. 6324443
                                              Atom Law Group, L.L.C.
                                              770 N. LaSalle Dr., Suite 700
                                              Chicago, Illinois
                                              (312) 943 8000 Phone
                                              (312) 943 4984 Facsimile
                                              ATTORNEY FOR PLAINTIFF