UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERMAK USA, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:21-cv-02391 |
| NANTONG JUGAO MACHINERY CO., LTD, a Corporation in the People's Republic of China, ERMAK CNC MACHINE (NANTONG) CO., LTD, a Corporation in the People's Republic of China, and NANTONG GIANT MACHINERY CO., LTD, a Corporation in the People's Republic of China, | ) ) ) ) ) ) ) ) ) ) | Hon. Edmond E. Chang |
| Defendants. | ) | |

## ORDER

**NOW COMES** before the Court on Plaintiff Ermak USA, Inc.'s ("Plaintiff") Motion for Default Judgment. Having reviewed the Motion and the supporting documents, it is determined that: (i) this Court has jurisdiction and service upon Defendants Nantong Jugao Machinery Co., Ltd., Ermak CNC Machine (Nantong) Co., Ltd, and Nantong Giant Machinery Co., Ltd (collectively referred to as "Defendants") was proper; (ii) the First Amended Complaint sufficiently alleges facts establishing all of the necessary elements of claims for (1) federal trademark infringement and counterfeiting, (2) unfair competition, false designation of origin, passing off by Defendants, (3) federal trademark dilution, (4) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, (5) state dilution pursuant to the Illinois Trademark Registration and Protection Act, (6) state trademark infringement, (7) unfair competition, and (8) unjust enrichment; and (iii) Defendants have infringed upon Plaintiff's

trademark rights and are likely to continue to infringe upon Plaintiff's trademark rights in the absence of an injunction, it is **HEREBY ORDERED**:

1) Plaintiff's Motion for Default Judgment shall be, and hereby is, **GRANTED**.

2) Judgment is entered by default in favor of Plaintiff and against Defendants on all Counts I-VIII of the First Amended Complaint.

3) Defendants, together with all those in active concert or participation with them, are jointly and severally enjoined from using any copy or colorable imitation of marks registered to Plaintiff with the United States Patent and Trademark Office (the "Plaintiff's Marks"), including but not limited to the Ermak USA (Registration no. 4,073,282) and Ermak (Registration no. 6,582,849) word marks and the Ermak design mark (Registration no. 6,583,256) consisting of a "narrow inverted triangle followed by the stylized word, 'ERMAK', with all letters capitalized", for use in accordance with "metal working machines."

4) Defendants must remove their website and transfer their domain name (ermak.cn) to Plaintiff and must further remove their counterfeit products and any other indicia bearing Plaintiff's Marks and any confusingly similar logos, signs and names from their social media sites and other online marketplace platforms, including but not limited to, Facebook, Instagram, YouTube, Alibaba and from their search term optimization protocols such as Google.

5) Defendants must file with the Court and serve on Plaintiff a sworn statement of compliance with the injunction stated herein pursuant to 15 U.S.C. § 1116(a).

6) Judgment is entered in this Court in favor of Plaintiff and against Defendants, in the total amount (not per mark, total) of two million dollars ($2,000,000). This is a substantial

award, though less than what the Plaintiff sought, but it represents the right balance between compensation and deterrence versus avoiding over-punishment. First, the infringement was brazen, literally incorporating the Ermak name into the domain website and substantially duplicating Ermak's genuine website. Second, the infringement resulted in actual customer confusion and at least some sales, as described in the declaration in support of the default-judgment motion. R. 34. Third, a substantial award is justified because the infringing goods were sold in a price range that went as high as $60,000. R. 34, para. 12. Lastly—and importantly—the counterfeit goods comprised industrial metal-working machinery. Machinery of this kind can pose safety dangers if they do not operate properly and are not the genuine product. So deterrence of infringement of this kind is an important purpose of statutory damages.

7) Plaintiff must file with the Clerk within thirty (30) days from the entry of judgment in this case a motion for an award of attorney's fees and costs pursuant to Local Rule 54.3.

ENTERED:

_____
United States District Court Judge

DATE: August 4, 2022